UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD SMITH,

    Plaintiffs,

vs.                                                                       Case No. 12-15653

AMERICAN LINE BUILDERS JOINT                    HON. AVERN COHN
APPRENTICESHIP AND TRAINING
COMMITTEE, and IBEW LOCAL 17,

    Defendants.
_____/

**ORDER GRANTING IBEW LOCAL 17'S MOTION TO DISMISS (Doc. 6)**[1]

I.

This is an employment case. Plaintiff Gerald Smith, proceeding pro se, has filed a complaint against American Line Builders Joint Apprenticeship and Training Committee (ALBAT) and IBEW Local 17. Before the Court is IBEW Local 17's motion to dismiss. For the reasons that follow, the motion is GRANTED. The case continues against ALBAT only.

II.

The following material allegations are gleaned from the complaint.

Plaintiff states he began employment with ALBAT, a joint apprentice committee, in September, 2008. He says that as an African American, he experienced race discrimination and racial harassment in the apprenticeship program. As a result, in

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

November, 2010, he filed EEOC Charge No. 471-2011-00573 against ALBAT, Local 17, and Hydaker-Wheatlake.  He further alleges that he returned to the program, but that he experienced retaliation from the program.  He made a complaint of retaliation to ALBAT and asked to change work locations, but ALBAT denied his request.  He also alleges that ALBAT knew that he was suffering from posttraumatic stress caused by the retaliation and that ALBAT knew he needed accommodation, but refused to do so.  Finally, plaintiff says that on March 16, 2012, ALBAT terminated him from the program.

As a result of ALBAT's actions, plaintiff says that he suffered severe emotional distress as a result of the retaliation, disability discrimination, and failure to accommodate, in addition to a substantial loss of wages and the opportunity to become a full-fledged lineman and member of IBEW Local 17.

Plaintiff attached to the complaint a copy of a right to sue letter that he received from the EEOC on October 3, 2012 relating to Charge No. 471-2012-0216.

According to IBEW Local 17, a copy of the right-to-sue letter was sent to ALBAT and its counsel, not IBEW Local 17.

III.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations

in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

IV.

IBEW Local 17 says plaintiff has not stated a plausible claim for relief against it. The Court agrees.

Before bringing suit in federal court, a plaintiff alleging employment discrimination under Title VII, as plaintiff does here, must have filed a timely charge of discrimination with the EEOC and received a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1); Amini v.

Oberlin Coll., 259 F.3d 493, 498 (6th Cir.2001); Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir. 1998) (right-to-sue letter is a condition precedent to filing claim). In addition, the federal court action must have been filed within ninety days of the date of the EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This rule is strictly enforced. See Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co., 839 F.2d 1147, 1150 (6th Cir.1988); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir .2000).

Here, plaintiff has not plead that he complied with the condition precedent to filing a Title VII claim as against IBEW Local 17. While he attached a right-to-sue letter and notice of charge of discrimination to the complaint, the letter and charge are addressed to ALBAT only. Moreover, a review of the complaint shows that IBEW Local 17 is mentioned only where plaintiff says that ALBAT's alleged discrimination and retaliation prevented him from becoming a member of IBEW Local 17.

Overall, plaintiff has not plead that he complied with the statutory prerequisites for filing a claim against IBEW Local 17. Plaintiff also has not alleged any wrongdoing by IBEW Local 17. Rather, his complaint is directed at the actions of ALBAT. Under these circumstances, plaintiff has not stated a plausible claim for relief against IBEW Local 17. As such, IBEW Local 17 is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2013

12-15653 Gerald Smith v. American Line Builders Joint Apprenticeship

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2013, by electronic and/or ordinary mail.

                                     S/Sakne Chami
                                     Case Manager, (313) 234-5160